# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY GARTH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:06-CV-1112 CAS |
| UNKNOWN WHITE, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

On July 11, 2007, the Court received a letter from Plaintiff Anthony Garth, addressed to the Clerk of Court, regarding filing an amended complaint. [Doc. 19]. Attached to the letter is an unsigned motion for leave to file an amended complaint and an unsigned amended complaint, in which he merely adds three new defendants without restating the allegations in his original complaint. On July 17, 2007, plaintiff filed another motion for leave to file an amended complaint, with a new amended complaint attached thereto. [Doc. 20] While this motion and amended complaint are both signed, in his new proposed amended complaint, plaintiff again does not set forth allegations against all defendants. The July 11, 2007 letter and present motion are plaintiff's fourth and fifth attempts to file an amended complaint in this case.

As an initial matter, pro se representation does not excuse a party from complying with a court's orders, the Federal Rules of Civil Procedure, and other applicable procedural rules. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). In the future, plaintiff should communicate with the Court only by written motion or memorandum, and not by letter. See Eastern District Local Rule 4.04(A). The Court will not take action based upon letters.

As for plaintiff's other procedural deficiencies, although the Court has addressed many of them in past orders, it will address them here for the last time. Plaintiff is advised that if he wishes to add new allegations to his complaint, he may not do so by supplementing it with letters and documents, but instead he will need to file an amended complaint with <u>all</u> allegations set forth in such complaint. In order to avoid confusion, this Court does not permit supplements to complaints, as supplements would require the Court and other parties to refer to multiple documents in order to ascertain all of plaintiff's claims. Plaintiff is further advised that an amended complaint completely replaces an original complaint, and therefore, plaintiff must include all of the defendants' names in both the caption and body of any amended complaint, together with a brief statement of the legal and factual basis for his claims against each of the defendants. <u>See</u> <u>In Home Health, Inc. v. Prudential Ins. Co.</u>, 101 F.3d 600, 603 (8th Cir. 1996) (amended complaint renders original complaint of no legal effect); Rule 10(a), Fed. R. Civ. P. ("In the complaint the title of the action shall include the names of all the parties . . . ."). The Court will direct the Clerk of Court to send plaintiff another copy of the 42 U.S.C. § 1983 form complaint. The Court encourages plaintiff to use such form when drafting his new amended complaint, although he is not required to do so.

Plaintiff is also advised that Federal Rules of Civil Procedure require that each filed document must contain a caption identifying the name of the court, the title of the action, the case number, and a designation, i.e., the name of the document. <u>See</u> Fed. R. Civ. P. 10(a), 7(a). Local Rule 2.01(A)(1) of this Court requires that each document be signed by a party or the party's attorney, and provide the signer's address and telephone number, if any. Plaintiff is notified that in the future, any pleading, motion or other paper which he seeks to file must include (1) a case caption in the form shown above, including the name of the court, the title of the action, the file number, and a designation (name) for the document; and (2) plaintiff's signature, with his name printed below, along with his address and

telephone number, if any.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED without prejudice**. [Doc. 20]

**IT IS FURTHER ORDERED** that in the future, plaintiff shall communicate with the Court only by written motion or memorandum, and not by letter.

**IT IS FURTHER ORDERED** that all future pleadings, motions or other papers submitted by plaintiff shall comply with the form of pleading requirements of the Local Rules of this Court and the Federal Rules of Civil Procedure as set forth in this Order, or the same may be returned to the sender.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the 42 U.S.C. § 1983 civil rights form complaint.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_23rd\_\_\_ day of July, 2007.