UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY GARTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:06-CV-1112 CAS |
| | ) |
| UNKNOWN WHITE, and | ) |
| JAMES PURKETT, | ) |
| | ) |
| Defendants. | ) |

**ORDER OF DISMISSAL**

Pending before the Court is plaintiff Anthony's Garth's motion for ninety (90) days additional time to obtain service of process on defendant White. For the following reasons, plaintiff's motion will be denied, and the above-captioned cause of action will be dismissed without prejudice.

Plaintiff initially filed his complaint on July 20, 2006. The case was reviewed for frivolity pursuant to 28 U.S.C. § 1915(e) on January 8, 2007. At that time, the Court ordered that plaintiff's claims against defendant Purkett be dismissed, but that plaintiff's claims against defendant White survived review under § 1915(e)(2)(B). As such, the Court ordered the Clerk to issue service of process as to defendant White, which was done on January 9, 2007. On February 26, 2007, the summons was returned unexecuted. In the "remarks" section of the summons, it was noted that "COI Robin White no longer works for Mo. DOC." [Doc. 10]

Then, on May 8, 2007, noting plaintiff had failed to obtain service of process, the Court ordered plaintiff, on or before June 8, 2007, to provide the Clerk of the Court with a completed summons and Marshal's form showing the proper name and address for service of process upon defendant White. The order specifically provided, "[f]ailure to comply fully and timely with this order will result in dismissal without prejudice of this action pursuant to Fed. R. Civ. P. Rule 4(m)." [Doc. 11] Plaintiff did complete the summons and Marshal's form and returned them to the Clerk on June 6, 2007. Service was again attempted on defendant White at Bonne Terre Correctional Center, and it was again noted that defendant White no longer worked at the center, and that there was no forwarding address. [Doc. 22]. The summons was returned unexecuted on July 26, 2007.

On August 8, 2007, the Court once again issued an order requiring that plaintiff provide the Clerk of the Court with a completed summons and Marshal's form showing the proper name and address for service of process upon defendant White on or before September 7, 2007. The order specifically provided, "[f]ailure to comply fully and timely with this order will result in dismissal of plaintiff's in this matter without prejudice. See Rule 4(m), Fed. R. Civ. P." [Doc. 23] In response, plaintiff has requested that he be allowed ninety (90) additional days to obtain service on defendant White.

The Court finds an extension of time is not warranted in this case, and that the case should be dismissed for failure to obtain service. Plaintiff has known since at least February 26, 2006, that defendant White no longer works for the Missouri Department of Corrections.

He has had ample time to provide the proper address and obtain service on this remaining defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's pro se motion for ninety (90) additional days to comply with service of process upon defendant White is **DENIED.** [Doc. 24]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of September, 2007.